Gurjit **SINGH**, Petitioner,

v.

The **BOARD OF IMMIGRATION APPEALS**, Respondent.

No. 05–0809–ag.

United States Court of Appeals, Second Circuit.

July 14, 2006.

Gurjit Singh, Floral Park, NY, for Petitioner.

Deborah J. Rhodes, United States Attorney, Southern District of Alabama; David Andrew Sigler, Assistant United States Attorney, Mobile, AL, for Respondent.

Present DENNIS JACOBS, B.D. PARKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Gurjit Singh, *pro se,* petitions for review of the February 2005 BIA order denying his motion to reopen the BIA's July 2004 decision. The BIA had previously denied two earlier motions to reopen, and dismissed his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001).

Here, the BIA did not abuse its discretion in denying Singh's motion to reopen because it exceeded the numerical limita-tions for such motions. The instant motion was the third motion to reopen filed by Singh, clearly exceeding the single motion numerical bar. *See* 8 U.S.C. § 1229a(c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). Moreover, while there are exceptions to the numerical bar, Singh is not eligible for an exception because he failed to submit any documents to the BIA showing a change in country conditions in India. 8 U.S.C. § 1229a (c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Thus, the BIA did not abuse its discretion in denying Singh's motion. *See Ke Zhen Zhao,* 265 F.3d at 93. Finally, Singh's brief appears to challenge the BIA's earlier decisions in his case. We may not review those decisions, however, as Singh failed to file timely petitions for review of them. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Paul v. Gonzales,* 444 F.3d 148, 153 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).